

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 10, 1975

The Honorable Steve W. Simmons
District Attorney
401 City-County Bldg.
El Paso, Texas  79901

Opinion No. H- 521

Re: Whether Texas Youth
Council must accept juvenile
aliens properly committed to
it by a juvenile court.

Dear Mr. Simmons:

You ask whether the Texas Youth Council (TYC) is required
to accept juvenile aliens that have been properly committed to it by
a state juvenile court in accordance with section 54.04 of the Texas
Family Code. You advise that on occasion the TYC has refused to
accept juvenile aliens committed to it by a juvenile court in your
district, apparently on the grounds that it is prohibited from accept-
ing aliens by a rider contained in the current General Appropriations
Act which provides:

> e. ADMISSION AND DEPORTATION OF
> NONRESIDENTS AND ALIENS. None of the moneys
> appropriated to the Department of Health, Depart-
> ment of Mental Health and Mental Retardation and
> the Texas Youth Council may be expended for the
> training or medical treatment except in emergencies
> of any student or patient who is not a citizen or resident
> of this state. For the purpose of this provision,
> affidavits from two reputable persons shall be deemed
> adequate evidence of citizenship or residency.

> The cost of deporting any nonresident or alien may
> be paid by any of the institutions covered by this Section
> from appropriated funds available to such institutions. . . .

Acts 1973, 63rd Leg., ch. 659, p. 1881.

Under the Texas Family Code, once a juvenile court has determined that a child brought before it has engaged in delinquent conduct, the court may commit the child to the TYC. Family Code § 54.04(d)(2). The TYC is not authorized to refuse to admit a child properly committed to its custody by a juvenile court. Family Code § 54.04(e).

The rider to the TYC's appropriations concerning the admission and deportation of aliens does not provide that aliens committed to the TYC shall not be accepted. Rather it indicates that the TYC will admit aliens and nonresidents that have been committed to it and then take steps to have them deported. While aliens and non-residents remain in the TYC's custody, the rider provides that no appropriated funds shall be expended for their training or for medical treatment of them except in case of an emergency.

Thus there is no conflict between this rider and the relevant provisions of the Family Code. Under both the TYC is required to accept all children --including aliens-- properly committed to it by the State's juvenile courts. We do not consider other questions involving the rider.

## SUMMARY

The Texas Youth Council must accept all children, including aliens, properly committed to it by the State's juvenile courts. The Legislature has limited the funds which can be spent on aliens who remain in the custody of the Texas Youth Council prior to deportation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg